UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: <u>THIRD </u>AMENDED CHAPTER 13 PLAN

Roger A. and Geraldine H. Dahl,    Dated: <u>May 20</u>, 2014
DEBTOR(S).    Case No.14-60024

1. **DEBTOR'S PAYMENTS TO TRUSTEE** -
    a. As of the date of this plan, the debtor has paid the trustee $<u>     **440**     </u>
    b. After the date of this plan, the debtor will pay the trustee **$ <u>110.00</u>** per month for <u>**56**</u> months, beginning within 30 days after the order for relief for a total of **<u>$6,600.00</u> .**  The minimum plan length is 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
    c. The debtor will also pay the trustee **<u>$0.00</u>** . **\*\*\*See Paragraph 13  Below**
    d. The debtor will pay the trustee a total of **<u>$6,600.00</u>**  [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been filed.  The Trustee may collect a fee of up to 10% of plan payments, or $600.00, [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The Trustee will promptly pay from available funds adequate protection payments to creditors holding allows claims secured by personal property, according to the following schedule, beginning in month one(1).

| *Creditor* | *Monthly Payment* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|
| a. _____ | $ _____ | _____ | $_____ |
| *TOTAL* | | | *$_____* |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASE [§365]** – The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| a. <u>  none  </u> | _____ |

5. **CLAIMS NOT IN DEFAULT -** Payments on the following claims are current and the debtor will pay the payments that come due after the date of the petition was filed directly to the creditors.  The creditors will retain liens, if any.

*Creditor*    *Description of Claim*

    a. Midwest Bank: recreational land
    b. American State Bank: 2007 Taurus
    c. American State Bank:2006 Buick Terraza

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default. ***See Below

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a.***SEE PARAGRAPH 13 BELOW | | | | | |
| b.__ | $__ | $__ | __ | __ | $ |
| c.__ | $__ | $__ | __ | __ | $ |
| **TOTAL** | | | | | **$__** |

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a.__ | $__ | $__ | __ | __ | | $ |
| b.__ | $__ | $__ | __ | __ | | $ |
| c.__ | $__ | $__ | __ | __ | | $ |

d.   **TOTAL**                                                       **$__**

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)] -** The trustee will pay, on account of the following allowed secured claims, the

amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.  NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327 AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim TOTAL Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payments) | x | (Number of Payments) | = | (Payments on Account of Claim) | + | (Adequate Protection from ¶3) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| a. __ | $__ | $__ | __ | __ | $__ | | __ | | $__ | | $__ |
| b. __ | $__ | $__ | __ | __ | $__ | | __ | | $__ | | $__ |
| c. __ | $__ | $__ | __ | __ | $__ | | __ | | $__ | | $__ |

d.   **TOTAL**                                                                                   $__

9. **PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following.  *The amounts listed are estimates.*  The trustee will pay the amounts actually allowed.

| Creditor PAYMENTS | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL |
|---|---|---|---|---|---|
| a. <u>Attorney Fees</u> | $1300 | $100.00 | 1 | 13 | $ 1,300.00*** |
| b. <u>Domestic support</u> | $__ $__ | __ __ | $ | | |
| c. <u>IRS</u> | $20,000.00 | $100.00 | 14 | 37 | $20,000.00 *** |
| d. <u>MN Dept of Rev.</u> | $__ $__ | __ __ | $ | | |

e.   **TOTAL**                                                                                   **$21,300.00**

*** NOTE: see section 13 below.  IRS and attorney fees will be paid in full from the net proceeds once the farmstead is sold.

10. **SEPARATE CLASS OF UNSECURED CREDITORS** - In addition to the class of unsecured creditors specified in ¶ 11, there shall be a separate class of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors.  *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | __ | $__ | $__ | __ | __ | $ |
| b. _____ | __ | $__ | $__ | __ | __ | $ |

c.   **TOTAL**                                                                                   $__

11. **TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ _____ [line l(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) and 10(c)].

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are **$   .**
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are **$   .**
c. Total estimated unsecured claims are **$** [line 11(a) + line 11(b) ].

NOTE:

12. **TARDILY -FILED UNSECURED CREDITORS** - All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**American State Bank - 06 Town and Country: Surrendered.**

**The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed.**

**The debtors' homestead located at 144313 Cable Lake Rd. SE, Mentor, MN shall be sold by the debtors by August 31, 2014. In the event the property has not been sold by August 31, 2014 or debtors convert the instant bankruptcy case to Chapter 7, Ultima Bank will be entitled to ex parte relief from the automatic stay upon filing of an affidavit of default and expiration of 10 calendar days after service by U.S. Mail of said affidavit upon the debtors, their attorney, and the chapter 13 trustee; and upon failure by the debtors to cure the same (close the sale). The net proceeds from the sale of the debtors' homestead (after closing costs and realtor's fees) shall first be applied to pay the Ultima Bank mortgage secured by the homestead, including accrued interest, costs and attorney's fees, then to pay any federal tax lien assessed against the debtors, if any. Any remaining proceeds shall be applied to the Ultima Bank mortgage secured on the farmstead of the debtors' located at 45443 U.S. highway 59 SE, Winger, MN 56592. Any remaining funds remaining after all of the above shall be turned over to the trustee to pay all remaining timely filed priority and unsecured claims.**

**The debtors farmstead located at 45443 U.S. Highway 59 SE, Winger, MN 56592 shall be sold by the debtors within 12 months of the filing of their chapter 13 bankruptcy herein. (January, 2015). The net proceeds from the sale of the farmstead (less realtor fees and other applicable costs of sale) shall first be applied to pay any remaining amounts owed to Ultima Bank on its note and mortgage secured on the farmstead, as determined under non-bankruptcy law. Thereafter, the remaining proceeds shall be turned over to the chapter 13 trustee to be used for payment in full of all timely filed priority and unsecured claims. Any remaining proceeds after this shall be paid to Ultima Bank to be applied to its mortgage and note secured by the debtors' homestead and described above. Any remaining proceeds remaining after all of the above payments shall be turned over to the debtors.**

**Notwithstanding any provisions contained herein to the contrary, Ultima Bank Minnesota shall**

retain its mortgages until full payment of the underlying debts determined under nonbankruptcy law. If the case under this chapter is dismissed or converted without completion of the plan, such mortgages shall also be retained by Ultima Bank Minnesota to the extent recognized by applicable nonbankruptcy law."

**Debtors' shall pay all timely filed unsecured claims in full.**

14. **SUMMARY OF PAYMENTS**

    Trustee's Fee [Line 2] ................................$ 600.00***see section 13 above
    Home Mortgage Defaults [Line 6(d)] ...............$
    Claims in Default   [Line 7(d)] ......................$
    Other Secured Claims [Line 8(d)] .................. $
    Priority Claims [Line 9(f)] .......................$ 6,000.00***see section 13 above
    Separate Classes [Line 10(c)] .......................$
    Unsecured Creditors [Line 11] .......................$ *** see section 13 above
    **TOTAL [must equal Line l(d)]** ....................$ 6,600.00*** see section 13 above

Duffy Law Office

/e/ Kevin T. Duffy

Kevin T. Duffy
Attorney for Debtor
PO Box 715
Thief River Falls, MN 56701
218-681-8524
Attorney ID 134600

Signed _Roger A Dahl_
Roger A. Dahl, DEBTOR

Signed _Geraldine H. Dahl_
Geraldine H. Dahl, DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Roger A. and Geraldine H. Dahl,            BKY No: 14-60024

         Debtors.

                     Chapter 13 Case

**NOTICE OF THIRD AMENDED CONFIRMATION HEARING**

**TO:** ALL INTERESTED PARTIES.

     **YOU WILL PLEASE TAKE NOTICE**, that the Confirmation Hearing in this matter has now been scheduled for **May 27, 2014 at 10:00 a.m.** at the Courtroom #2, U.S. Post Office Building, 118 S Mill St, Fergus Falls, Minnesota. If you want to be heard on this case, you should plan on appearing at the above date and time.

Dated: May 20, 2014.

                              DUFFY LAW OFFICE

                              */e/ Kevin T. Duffy*
                              Kevin T. Duffy
                              Attorney for Debtor
                              P.O. Box 715
                              Thief River Falls, MN  56701
                              218-681-8524
                              Attorney ID # 134 600

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                          Case No.14-60024

Roger A. and Geraldine H. Dahl,                                 Chapter 13 Case

DEBTORS.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I, Carol Adensam, certify that on May 20, 2014, I caused a copy of the **Notice of Hearing on Amended Chapter 13 Plan and Third Amended Chapter 13 Plan dated May 20, 2014** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an E-notice of the electronic filing to the following:

| | |
|---|---|
| Kyle Carlson | info@carlsonch13mn.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net |
| Michael A. Loesevitz | mloesevitz@camrudlaw.com |

**AND**

I, Carol Adensam, declare under penalty of perjury that on May 20, 2014, I mailed copies of the foregoing Third Amended Chapter 13 Plan dated May 20, 2014 and **Notice of Hearing** on Amended Plan by first class mail postage prepaid to each entity named below at the address stated below for each entity:

See attached list

Executed on: May 20, 2014.

Signed:   */e/ Carol Adensam*
Carol Adensam
DUFFY LAW OFFICE
PO Box 715
Thief River Falls, MN 56701
218-681-8524

```
A R AUDIT SERVICES  INC              MIDWEST BANK
PO BOX 6177                          1211 1ST ST
BISMARCK  ND  58506-6177             WAUBUN  MN  56589



ADVANTAGE COLLECTION PROFESSIC       PRINS BANK
PO BOX 353                           PO BOX 38
CAMBRIDGE  MN  55008                 PRINSBURG  MN  56281



AMERICAN STATE BANK OF GRYGLA        RIVERVIEW HEALTHCARE ASSN
PO BOX 280                           323 S MINNESOTA ST
ERSKINE  MN  56535                   CROOKSTON  MN  56716



CAPITAL ONE                          SANFORD
PO BOX 30285                         PO BOX 2010
SALT LAKE CITY  UT  84130-0285       FARGO  ND  58122-0370



CHASE                                SANFORD CLINIC
CARDMEMBER SERVICE                   PO BOX 5071
PO BOX 15298                         SIOUX FALLS  SD  57117-9427
WILMINGTON  DE  19850-5298



ESSENTIA HEALTH                      SANFORD CLINIC FARGO REGION
PO BOX 64618                         PO BOX 2168
SAINT PAUL  MN  55164-0618           FARGO  ND  58107-2168



ESSENTIA HEALTH FOSSTON              SHOORTING STAR CASINO
900 HILLIGOSS BLVD SE                777 CASINO ROAD
FOSSTON  MN  56542                   PO BOX 418
                                     MAHNOMEN  MN  56557



INTERNAL REVENUE SERVICE             TRISTATE BRAIN & SPINE INSTITU
CINCINNATI SERVICE CENTER            6600 STATE HWY 29 SOUTH
CINCINNATI  OH  45999-0025           ALEXANDRIA  MN  56308



IVAN A  TSCHIDER                     ULTIMA BANK
PO BOX 6262                          PO BOX 299
BISMARCK  ND  58506-6262             FOSSTON  MN  56542



JC CHRISTENSEN & ASSOC               UNITED ACCOUNTS  INC
PO BOX 519                           PO BOX 9239
SAUK RAPIDS  MN  56379-0519          FARGO  ND  58106-9239
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Roger A. and Geraldine H. Dahl

SIGNATURE DECLARATION

Debtor(s).

Case No. 14-60024

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN  Third Amended dated May 20, 2014
___ OTHER (Please describe:_____).

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- [individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 5-20-2014

X /s/ Roger A Dahl
Signature of Debtor or Authorized Representative

X /s/ Gerald H Dahl
Signature of Joint Debtor

Roger A. Dahl
Printed Name of Debtor or Authorized Representative

Geraldine H. Dahl
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)