# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Roger A. and Geraldine H. Dahl,                    BKY No:14-60024

        Debtors.

## NOTICE OF HEARING, MOTION FOR EXPIDITED HEARING AND MOTION TO RECONVERT TO CHAPTER 13

TO: All creditors and other entities specified in Local Rule 9013-3.

    1.    The debtors, Roger and Geraldine Dahl by and through their attorney, Kevin T. Duffy, Esq., of the law firm Duffy Law Office, moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at 9:00 o'clock a.m. on June 24, 2015 in Courtroom No. 2, at the United States Courthouse at 118 South Mill Street, in Fergus Falls, Minnesota.

    3.    Any response to this motion must be filed and served not later than June 19, 2015 which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed.R.Bankr.P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The Petition commencing this chapter 13 case was filed on January 26, 2014. The case is now pending in this court.

    5.    This motion arises under 11 U.S.C. § 706(a) and Fed.R.Bankr.P. 107(f). This motion is filed under Fed. R.Bankr.P. 9014 and Local Rules 9006-1, 4001-1, 9013-1 and 9013-2. The debtors requests relief with respect to the court reconverting this case

from chapter 7 back to chapter 13. The debtors used to own their homestead located at 14413 Cable Lake SE, Mentor, MN 56736. The debtors lived in this homestead at the time they filed their original chapter 13 bankruptcy case. At the time of the bankruptcy filing Ultima Bank of Winger held a first mortgage against the homestead which had a balance due was substantially less than what the debtors thought was the fair market value of the homestead. Under the confirmed chapter 13 plan in this case it was believed that the debtors could sell their homestead, pay off Ultima Bank, the federal tax lien against the property, the closing costs and still have enough money to satisfy all of the unsecured creditors for a 100% plan. Unfortunately, the debtors homestead did not sell in a timely fashion and a foreclosure proceeding was initiated by the bank. The redemption period for the homestead has now run and Ultima Bank owns the homestead.

A couple of months ago when it appeared that the homestead was not going to be sold, the debtors converted their case to chapter 7 since the major asset was going to fund their plan was no longer going to be available to them. At the time the debtors filed their original chapter 13 petition, they were also the owners of their farmstead located at 45443 US highway 59 SE., Winger, Minnesota. This property is also located in Polk County, Minnesota. The farmstead had a mortgage against it in favor of Ultima Bank Minnesota with a balance that is approximately $47,000. This mortgage for $47,000 is separate and apart from the mortgage that Ultima Bank had against the debtor's homestead. When the debtors converted their case from chapter 13 to Chapter 7 they were under the belief that they would be able to keep their farmstead and reaffirm the mortgage with Ultima Bank. The debtors have been living at their farmstead for at least 6 months after moving out of their homestead in Mentor, Minnesota. Unfortunately, the chapter 7 trustee has objected to the debtors' exemption of their farmstead as their homestead because the debtors are now living in the farmstead and claimant as their homestead when the original chapter 13 petition was filed. As stated above, the debtors were forced out of their homestead because of a foreclosure by the Ultima Bank.

If the debtors lose their farmstead to the chapter 7 trustee, they will have no place to live.  The debtors do not believe that they have acted deceitfully here or in bad faith with respect to the transactions that have taken place either in the original chapter 13 or the current chapter 7 case.  The debtors are trying to retain a place to live and looking at the best possible way to accomplish this end. The debtors are aware of the fact that the tax assessed value of the farmstead is greater than the actual value. The debtors do not believe that the farmstead is worth any more than $100,000. Besides the existing mortgage in favor of Ultima Bank for about $47,000, there is also a federal tax lien which exists for approximately $18,000 against the farmstead and a lien on the real estate taxes for approximately $8000 for an advance received by the debtors which was used to fix their septic system that had caved in while the house was being sold on a contract for deed to Stacy Dahl.

When a chapter 13 petition was originally filed this case, the debtors listed a substantially higher value for the farmstead based upon the money that they were going to receive from Stacy Dahl. It should be noted that Stacy Dahl was going to pay substantially higher than the market value for the farmstead because she owned a substantial amount of past due rent while she was staying at the farmstead in waiting for her financing to come through. Financing for Stacy Dahl never did come through and she had to be removed from the farmstead through a cancellation of contract for deed proceeding in Polk County District Court.  While Stacy Dahl lived at the farmstead she destroyed the place.  Not only did she allow the septic to cave in by driving over the yard, there were broken windows in the home, holes in the sheet rock and holes in the siting of the house.  The debtors have taken out various loans from the retirement account of Roger Dahl to make repairs to the farmstead and have many more repairs still to complete.  The debtors are in the process of obtaining a market analysis from Juve the Realty concerning their farmstead. Tracy Juve will be preparing this document and testify if necessary at the hearing on this issue.

Geraldine Dahl is still working part time at Walmart in Crookston, Minnesota while

Roger Dahl is retired and receiving a full pension from his years as a postal worker in the approximately $1,300 per month. Roger Dahl also receives $1,192 in net Social Security benefits each month. Geraldine receives up to $750/month net from her employment. The normal monthly expenses for the debtors have gone down since Roger's retirement and the loss of the homestead in Mentor to Ultima Bank. The monthly expenses consist of the following:

| | |
|---|---|
| est. house payment: $500 | real estate taxes: $125 |
| homeowners insurance: $80 | home maintenance: $50 |
| electricity and heat: $200 | telephone/cell/Internet: $150 |
| food: $450 | clothing: $50 |
| personal care: $40 | health ins. premiums: $150 |
| auto insurance: $128.22 | car payment: $370 |
| auto gas: $300 | |
| TOTAL: $2592.22 | |

The bottom line here is that the debtors have a sufficient cash flow at the end of each month to service their Ultima Bank mortgage and a small amount to their unsecured debt. The federal tax lien and mortgage total approximately $65,000. The debtors have a least $10,000 by way of an additional real estate assessment and out-of-pocket funds for improvements to the farmstead since they moved in there. When the debtors take their wild card exemption under 11 U.S.C. section 522(d), there is less than $5000 payable to the unsecured creditors from the farmstead equity. It should be noted that the debtors also have a separate 35-40 acre farm land parcel that is listed with a local realtor for $40,000. Assuming for the sake of argument that this property sells for $31,000, the net proceeds available after closing and realtor's fee would be approximately $20,000. When this case was under chapter 13, notices were sent out to creditors to file their claims and the result was approximately $16,556 in unsecured claims being filed. Operating under

the assumption that this would be the total amount of unsecured debt, the debtors would have more than sufficient cash on hand to pay the file unsecured creditors in full upon the sale of their 35 acre farm land parcel.

If the present case stays in chapter 7, the chapter 7 trustee will pursue the sale of the farmstead so that the encumbrances may be paid off and the debtors received their wild card exemption. The fact of the matter here is that the debtors do not want their wild card exemption in the form of cash. Instead, the debtors want their wild card in the form of equity in their farmstead where they want to live. Allowing this case to be reconverted back to chapter 13 would allow the debtors to pay the unsecured debt in full and pay the underlying debt secured on the farmstead versus having to see this farmstead sold and the debtors kicked out on the street with no place to live.

The debtors are requesting that their Motion to Reconvert their case be heard on an expedited basis.  The debtors and their counsel were operating under the belief that this Motion only required 14 days notice.  However, the debtors have learned through their counsel that 21 days is actually required under the applicable Bankruptcy Rule.  Mr. Doeling already has his Motion, objecting to the debtors exemption in their homestead scheduled for June 24, 2015.  It would be a waste of time and effort on all parties not to consider the Trustee's Motion and this Motion at the same time.

**WHEREFORE**, the debtors, Roger and Geraldine Dahl, moves the Court for an order granting their Motion to have this matter heard on an expedited basis.  The debtors further move the Court for an Order that allows them to reconvert this chapter 7 case back to chapter 13 along with such other relief as may be just and equitable. The debtors and Tracy Juve will testify, if needed, at the time this motion is argued to the court.

Dated: June 10, 2015                              */e/ Kevin T. Duffy*
                                                  Kevin T. Duffy
                                                  Attorney for Debtor
                                                  PO Box 715
                                                  Thief River Falls, MN  56701
                                                  (218)  681-8524
                                                  Attorney ID 134-600

## Verification

    We, Roger A. and Geraldine H. Dahl, the debtors named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: 6-10-15    Signed: *Roger A. Dahl*
                                Roger A. Dahl

Dated: 6-10-15    Signed: *Geraldine H. Dahl*
                                Geraldine H. Dahl

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
_____

In re:

Roger A. and Geraldine H. Dahl,                              BKY No:14-60024

　　　　　　　Debtors.
_____

**DEBTORS' MEMORANDUM IN SUPPORT OF MOTION TO**
**RECONVERT FROM CHAPTER 7 TO CHAPTER 13**
_____

**FACTS**

　　　　The facts which form the basis for this memorandum are contained in the debtors' motion to reconvert their case from chapter 7 case to one under Chapter 13 pursuant to 11 U.S.C. section 706(a).

**ARGUMENT**
**THE DEBTORS HAVE THE STAUTORY AND CASELAW AUTHORITY TO RECONVERT THEIR CURRENT CHAPTER 7 CASE BACK TO CHAPTER 13 PURSUANT TO 11 U.S.C. 706(a).**

　　　　11 U.S.C. § 706(a) deals with conversion from chapter 7 and provides as follows:

"The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

When the above statute is viewed in light of the facts of the present case, it is clear that the debtors herein do not have the absolute right to convert their case to chapter 13 because this case was originally filed as a chapter 13 and then converted to the current

chapter 7 case.   In re Manouchehri, 320 B.R. 880, 884,885 ( Bkrtcy.N.D.Ohio,2004) the issue of reconversion from a chapter 7 case back to a chapter 13 case was discussed.  In analyzing this issue the bankruptcy court noted as follows:

In Matter of Johnson, (116 B.R. 224 (Bankr.D.Idaho, 1990)), the court opined:

Section 706(a) deals with the right of the debtor, as opposed to the Court, to convert a Chapter 7 case. Subsections (b) and (c) prescribe when the Court may order a Chapter 7 case converted. There are two subsections dealing with court-ordered conversions because of the need to respect the statutory prohibition against involuntary Chapter 12 and 13 cases, while a debtor need not consent to be placed in a Chapter 11 case. The only restriction imposed on the Court in converting a case to Chapter 13 is that the debtor must request it. 11 U.S.C. § 706(c).

> Viewing the distinct purposes of the various subsections of Section 706, it is logical to assume that the "reconversion" restriction found in subsection (a) should not operate when conversion is sought under subsection (c). It is reasonable to assume that Congress was unwilling to allow a debtor more than one guaranteed opportunity to unilaterally convert to Chapter 13 from Chapter 7. However, when the court is required to be involved in the conversion process, as is the case in a request to convert under subsections (b) or (c), " * * * [t]he decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."

Id. at 224, 226 (emphasis added).

The Court in In re Wampler, 302 B.R. 601, 604 (Bkrtcy.S.D.Ind.,2003), addressing § 706(a), noted:

> An increasing number of courts, however, have rejected this interpretation [one-time absolute right to convert] and have instead concluded that bankruptcy courts have the discretion to deny a motion to convert brought under § 706(a). See e.g., In re Brown, 293 B.R. 865, 870 (Bankr.W.D.Mich.2003); In re Ponzini, 277 B.R. 399, 405 (Bankr.E.D.Ark.2002); In re Thornton, 203 B.R. 648, 652 (Bankr.S.D.Ohio 1996); In re Porras, 188 B.R. 375, 379 (Bankr.W.D.Tex.1995). Some courts have found support for this conclusion in the language*884 of § 706(a). See, e.g., Ponzini, 277 B.R. at 404 (Bankr.E.D.Ark.2002) (while the statute provides that a debtor "may" convert, it does not provide that the court "shall" honor that request); In re Starkey, 179 B.R. 687, 691 (Bankr.N.D.Okla.1995) (the phrase "at any time" in § 706(a) was intended to mean "at any stage" of the proceedings, not "regardless" of the circumstances).

Id. at 604.

The Johnson and Wampler holdings present a more practical construction of § 706(a), as suggested by its legislative history and policy rationale. See also, In re Somers Corp., 123 B.R. 35, 37 (Bankr.N.D.Ohio 1990) In re Johnson, 116 B.R. 224, 227 (Bankr.D.Idaho 1990); In re Trevino, 78 B.R. 29, 32 (Bankr.M.D.Pa.1987); and In re Walker, 77 B.R. 803, 805 (Bankr.D.Nev.1987); In re Masterson, 141 B.R. 84 (Bankr.E.D.Pa.1992); In re Hollar, 70 B.R. 337, 338 (Bankr.E.D.Tenn.1987); and In re Sensibaugh, 9 B.R. 45, 47 (Bankr.E.D.Va.1981). This Court also recognizes the delicate balance of competing policies and interests that other jurisdictions have addressed before arriving at their respective constructions of § 706. These policies include the debtor's opportunity to repay debts and the creditor's benefit of payment; weighed against the need to prevent unnecessary expense, disadvantage, and delay caused by a debtor insistent upon multiple conversions between the chapters.

\* \* \* \*

Section 706(a) and its attendant legislative history reveal a Congressional intent to grant the bankruptcy courts discretion regarding whether or not to allow conversion between chapters. This inherent grant of authority eliminates a rigid reading of the Code and allows for a result "based on what will most inure to the benefit of all parties in interest." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880, 6336.

Furthermore, this view of court discretion is consistent with a recent Sixth Circuit B.A.P. decision which decided whether a case conversion is appropriate on the merits. In that opinion, the Bankruptcy Appellate Panel observed:

The Sixth Circuit has adopted a "totality of circumstances" analysis in evaluating whether the debtor should be permitted to commence a chapter 13 case, [In re] Alt, 305 F.3d [413] at 419 [(6th Cir.2002)] (quoting Society Nat'l Bank v. Barrett (In re Barrett), 964 F.2d 588, 591 (6th Cir.1992)), and the same analysis should apply in evaluating whether a debtor should be permitted to convert a case to Chapter 13, Thornton, 203 B.R. 648, 652 (Bkrtcy.S.D.Ohio,1996) (emphasis added). In re Copper, 314 B.R. 628 (6th Cir. BAP 2004) (emphasis added)." Id at 884, 885.

When the above holdings are viewed in light of the facts of the case at bar, it is clear that the Dahls have the authority to reconvert their case back to Chapter 13 because the totality of the circumstances would support such a move. The unsecured creditors will receive more money with a reconversion back chapter 13 because of the fact that the chapter 7 trustee will most likely have to work off of a quick sale. He will want the farmstead sales proceeds in short order so that he can administer and close

the chapter 7 estate. Besides getting less money on a quick sale, the trustee will also have to pay closing costs and a realtor's fee.  In addition to this, the unsecured creditors will also be stuck with the attorney's fees involved with a sale as well as the trustee's straight percentage he receives from the sale. If the debtors are allowed to keep their farmstead in a chapter 13 proceeding, the underlying mortgage and encumbrances will be subtracted from the market value of the property without all of the other above described fees costs, resulting in more net money for the unsecured creditors.

The debtor in Manouchehri, supra, was denied the right to reconvert his case back to Chapter 13 based on what the court perceived as the debtor's bad faith and his impeding the duties of the chapter 7 trustee.  The debtors in the present case have engaged in no bad faith activities or inappropriate conduct while in chapter 13 or chapter 7. They have unfortunately been the victims of a slow and down real estate market which prevented their homestead in Mentor from being sold for a reasonable price which they could have used to succeed in their chapter 13 plan. Obviously, the Dahls had no control over the real estate market in Northwestern Minnesota. They did everything in their power to try and market their property.  They switched realtors and even went through a series of price reductions on their homestead.  None of their efforts resulted in the sale of their homestead before their redemption period expired.

Unfortunately, the debtors will have to work longer than they would have liked versus enjoying their retirement.  They need to have a place to live and their farmstead is their only option right now. When they propose a new chapter 13 plan of reorganization, it will not exceed the original 60 months.  They will do whatever they need to do to make their chapter 13 plan work within the parameters of keeping their farmstead as their homestead.

## CONCLUSION

The case law cited above by the debtors clearly supports their position that they have the authority to reconvert their current chapter 7 case back to a chapter 13 case pursuant to 11 U.S.C. section 706(a).  The debtors have engaged in no underhanded dealings or bad faith while operating under their original chapter 13 case or the current

chapter 7 case. Proceeding under a chapter 13 is the only way the debtors are going to be able to keep their farmstead and avoid being homeless. This can be accomplished without harm to the unsecured creditors. For all the above-stated reasons, the motion of the debtors should be granted in its entirety.

Respectfully Submitted,

*/s/ Kevin T. Duffy*

_____
Kevin T. Duffy
Attorney for Debtors
Bar No. 134600

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:
Roger A. Dahl and Geraldine H. Dahl,

                                              BKY No: 14-60024

Debtors.                                        Chapter 13 Case

**UNSWORN CERTIFICATE OF SERVICE**

I, Carol Adensam, certify that on June 10, 2015, I caused a copy of Notice of Hearing, Motion for expedited hearing and Motion to Reconvert to Chapter 13, Proposed Order and Debtors' Memorandum to be filed electronically with the Clerk of Court through ECF, and that ECF will send an E-notice of the electronic filing to the following:

| | |
|---|---|
| Gene Doeling | gene@kaler-doeling.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Michael A. Loesevitz | mloesevitz@camerudlaw.com |

**AND**

I, Carol Adensam, declare under penalty of perjury that on June 10, 2015, I mailed copies of the Notice of Hearing, Motion for expedited hearing and Motion to Reconvert to Chapter 13, Proposed Order and Debtors' Memorandum by first class mail postage prepaid to each entity named below at the address stated below for each entity:

See Attached List

Executed on: June 10, 2015.

                                              Signed:  */e/ Carol Adensam*
                                                          Carol Adensam
                                                          DUFFY LAW OFFICE
                                                          PO Box 715
                                                          Thief River Falls, MN 56701
                                                          218-681-8524

A R AUDIT SERVICES  INC
PO BOX 6177
BISMARCK  ND  58506-6177

MIDWEST BANK
1211 1ST ST
WAUBUN  MN  56589


ADVANTAGE COLLECTION PROFESSIC
PO BOX 353
CAMBRIDGE  MN  55008

PRINS BANK
PO BOX 38
PRINSBURG  MN  56281


AMERICAN STATE BANK OF GRYGLA
PO BOX 280
ERSKINE  MN  56535

RIVERVIEW HEALTHCARE ASSN
323 S MINNESOTA ST
CROOKSTON  MN  56716


CAPITAL ONE
PO BOX 30285
SALT LAKE CITY  UT  84130-0285

SANFORD
PO BOX 2010
FARGO  ND  58122-0370


CHASE
CARDMEMBER SERVICE
PO BOX 15298
WILMINGTON  DE  19850-5298

SANFORD CLINIC
PO BOX 5071
SIOUX FALLS  SD  57117-9427


ESSENTIA HEALTH
PO BOX 64618
SAINT PAUL  MN  55164-0618

SANFORD CLINIC FARGO REGION
PO BOX 2168
FARGO  ND  58107-2168


ESSENTIA HEALTH FOSSTON
900 HILLIGOSS BLVD SE
FOSSTON  MN  56542

SHOORTING STAR CASINO
777 CASINO ROAD
PO BOX 418
MAHNOMEN  MN  56557


INTERNAL REVENUE SERVICE
CINCINNATI SERVICE CENTER
CINCINNATI  OH  45999-0025

TRISTATE BRAIN & SPINE INSTITU
6600 STATE HWY 29 SOUTH
ALEXANDRIA  MN  56308


IVAN A  TSCHIDER
PO BOX 6262
BISMARCK  ND  58506-6262

ULTIMA BANK
PO BOX 299
FOSSTON  MN  56542


JC CHRISTENSEN & ASSOC
PO BOX 519
SAUK RAPIDS  MN  56379-0519

UNITED ACCOUNTS  INC
PO BOX 9239
FARGO  ND  58106-9239

**UNITED STATES BANKRUPTCY COURT**
             **DISTRICT OF MINNESOTA**
_____

In re:

Roger A. and Geraldine H. Dahl,                    BKY No:14-60024

           Debtors.
_____

**ORDER GRANTING DEBTORS' RIGHT TO RECONVERT BACK TO CHAPTER 13**
_____

Fergus Falls, Minnesota
June 24, 2015

The above-entitled matter came on for hearing before the undersigned on the above date pursuant to a motion filed by the debtors to have this Motion heard on an expedited basis and not the normal 21 days as required by the applicable Bankruptcy Rule.  The debtors further move the Court for an Order authorizing them to reconvert their case back to chapter 13 from chapter 7 pursuant to 11 U.S.C. section 706(a).  Kevin T. Duffy, Attorney at Law, Thief River Falls, Minnesota represents the debtors. Gene Doeling, Chapter 7 trustee appeared on his own behalf and as attorney for the Chapter 7 estate.  Based upon all of the files, records and proceedings herein, the arguments of counsel relative thereto and the court being duly advised in the premises,

   IT IS HEREBY ORDERED:

1. That the motion filed by the debtors to have this Motion heard on an expedited basis and hereby is granted; said debtors having shown good cause for hearing this Motion on less than 21 days notice as required by the applicable Bankruptcy Rule.
2. That the Motion by the debtors to reconvert this case to chapter 13 from chapter 7 be and hereby is granted; said debtors having shown good cause for the reconversion.

Dated:_____                    _____
                                    Michael A. Ridgway
                                    Judge of Bankruptcy Court